CLARISSA M. HAMLINE ET AL. *v.* SOUTHERN RAILWAY COMPANY.

RAILROADS. *Highways. Code 1892, § 3555. Charter Georgia Pacific Railway Co. Laws 1882, p. 826, sec. 2, par. 3.*

The word highway, in code 1892, § 3555, providing for the construction and maintenance by railroads of grades, passageways, and bridges at highway crossings, is not confined, in its meaning, to public roads in the country, but includes streets in a municipality; and the word has the same breadth of meaning in the charter of the Georgia Pacific Railway Co. (Laws 1882, p. 826, sec. 2, par. 3.)

FROM the circuit court of Clay county.

HON. WM. F. STEVENS, Judge.

Clarissa M. Hamline and others, appellants, were the plaintiffs in the court below. The railway company was defendant

there. The declaration averred a failure of the railway company to maintain a safe and proper crossing over its track, for the use of persons and teams, at its intersection with a street in the city of West Point; that said street crossing was allowed to become and remain, after due notice to the railway, in a dangerous condition, because of which the husband of the plaintiff, Clarissa, who was the father of the other plaintiffs, being ignorant of the danger, was seriously injured while prudently and carefully endeavoring to drive his team over the said crossing, and from such injuries he is averred to have died shortly thereafter. The railway company demurred to the declaration. The court below sustained the demurrer and dismissed the suit, and the plaintiffs below appealed to the supreme court.

The code section, a violation of which by the railway company the declaration pointedly and vigorously charged (the term "highway" being held to embrace a street) is as follows:

"3555 (1053). *Highway crosssings and bridges.*—Where a railroad is constructed so as to cross a highway, and it be necessary to raise or lower the highway, it shall be the duty of the railroad company to make proper and easy grades in the highway, so that the railroad may be conveniently crossed, and to keep such crossing in good order; and it shall be the duty of the company to erect and keep in order all bridges on any highway, at such points as bridges may be necessary to cross the railroad; and any company which shall fail to comply with these provisions shall forfeit the sum of one hundred dollars, to be recovered by action in the name of the county in which the crossing or bridge is situated."

*Critz, Beckett & Kimbrough*, for appellants.

In all cases with charters like or similar to that of the Georgia Pacific Railway Company, in this case, it is held that the railroad company is required to make a safe crossing, with necessary approaches and bridges. *Village* v. *G. N. R. R.*

*Co.*, 50 Minn., 438; 9 Am. & Eng. Enc. L. (1st series), pp. 411, 412, and note 3; 56 Am. & Eng. R. R. Cases, p. 647, note; 54 *Ib.*, p. 538; 10 *Ib.*, pp. 330, 333. In this last case a full discussion.

And such is the common law without any statute. 10 Am. & Eng. R. R. Cases, p. 330, note; 20 *Ib.*, pp. 58, 59, note; 49 *Ib.*, p. 439, note; 2 Am. & Eng. Enc. L., p. 557, note; 4 *Ib.*, p. 909, note.

This is a continuing duty, and must be kept up according to increased travel and altered circumstances. 10 Am. & Eng. R. R. Cases, pp. 328, 330–333; 13 *Ib.*, pp. 610, 611, and note; 20 *Ib.*, p. 59, and note; 39 *Ib.*, pp. 249, 250, note; 54 *Ib.*, p. 542; 55 *Ib.*, pp. 105, 106, note; 56 *Ib.*, p. 647, note; 60 *Ib.*, pp. 643, 644, note; 4 Am. & Eng. Enc. L, p. 908; 19 Am. & Eng. Enc. L., pp. 870, 871.

The approaches to a railroad embrace all necessary bridges and embankments. *People* v. *N. Y. Central*, 74 N. Y., 302; 24 Am. & Eng. R. R. Cases, 481; 39 *Ib.*, 250, note; 2 Am. & Eng. Enc. L., 557, note; 9 *Ib.*, 870, note 2; 19 *Ib.*, 866, note under "Definition;" 4 *Ib.*, 907, 908.

It is claimed that the words "public roads" in the charter means "a public highway" in the country, under our decisions, but they do not go to this extent. The universal current of authority is to the contrary, as is also the requirement in § 3555, code of 1892, that the railroad company shall maintain "proper and easy grades to cross conveniently." There is no distinction. All of the following authorities were on defects, etc., on bridges in cities and towns: *City Newton* v. *Chicago, etc.*, 66 Iowa, 422; *People* v. *Chicago, etc.*, 67 Ill., 118; *Retain* v. *L. S. & M. R. R. Co.*, 94 Mich., 146; *Caldwell* v. *Vicksburg, etc.*, 41 La. Ann., 624; *Cooke* v. *Boston, etc.*, 133, Mass., 185; *Titcomb* v. *Fitchburg, etc.*, 12 Allen, 254; *Carter* v. *Boston, etc.*, 139 Mass., 525; *Village, etc.*, v. *G. N. R. R. Co.*, 50 Minn., 438; *Omaha* v. *Brady*, 59 Neb., 27; *Omaha* v. *Ryburn*, 40 Neb., 87; *Wasmer* v. *Delaware, etc.*, 80 N. Y., 212; *Mounds-*

*ville* v. *O. R. R. Co.*, 37 W. Va., 92; *White* v. *Inhabitants*, 97 Mass., 430; *Parker* v. *Boston, etc.*, 3 Cush. (Mass.), 116; *State* v. *St. Paul, etc.*, 38 Minn., 246; *Louisville, etc.* v. *State*, 5 Head (Tenn.), 523; *Galveston, etc.*, v. *Matula*, 79 Tex., 577; 32 Conn., 241; 35 Wis., 689; 10 Am. & Eng. R. R. Cases, 333; 13 Am. & Eng. R. R. Cases, 610, 611.

It is true our supreme court held, in *M. & O. R. R. Co.* v. *State*, 51 Miss., 138, 139, that § 2424, code 1871 (§ 1050, code 1880; § 3552, code 1892), requiring railroad companies to erect signboards at crossings of public highways only, applied to country roads. The court, however, did not deduce that meaning from the words "public highway," for the opinion admits that a public highway may be either a street or country road, but holds the particular statute under consideration meant a public country road. The court puts the same construction on § 1048, code 1880 (§ 3547, code 1892), as to ringing the bell or blowing the whistle. *Railroad Co.* v. *French*, 69 Miss., 125. This last is a natural construction, for streets are generally less than three hundred yards apart in cities, and it would simply be impossible to comply with the section in cities or towns.

The court also held, in *Railroad Co.* v. *State*, 71 Miss., 255, that § 1049, code 1880, § 3551, code 1892, as to obstructing highways, only applied to country roads. This was a criminal prosecution, § 1049, code 1880, simply provided that a railroad should not obstruct a highway longer than five minutes, while § 3551, code 1892, adds that it shall not obstruct a street longer than shall be prescribed by ordinance of the city or town, and in that case it was admitted that there was no ordinance. But we have an express decision that it is the duty of railroad companies to keep the bridges at street crossings in repair. *V. & M. R. R Co.* v. *State*, 64 Miss., 7, 8.

*S. M. Roane* for appellee.

"Public highway," in § 3547, code of 1892, was construed not to include streets in a city. *Railroad Co.* v. *French*, 69

Miss., 125. The word 'street' was incorporated into the section by amendment after that case. "Public highways," in § 3551, code of 1892, did not include streets in cities (*Railroad Co.* v. *State*, 71 Miss., 255), and provision was made therein for streets. Attorneys for appellant try to get some consolation out of the case *V. & M. R. R. Co.* v. *State*, 64 Miss., 7, but we submit that the case does not hold that it is the duty of railroad companies to keep bridges at street crossings in repair. That question was not in the case. The expression in the charter of the Georgia Pacific Railroad Company, "public road," is no broader than "public highway." Laws 1882, sec. 2, p. 826. The expressions "public roads" and "public highways" are used in their strict and technical sense, and do not mean streets in a city.

WOODS, C. J., delivered the opinion of the court.

By § 3555, code of 1892, it is made the duty of a railroad company, where its road is constructed so as to cross a highway and it becomes necessary to raise or lower the highway, to make proper and easy grades in the highway, so that the railroad may be conveniently crossed, and to keep such crossing in good order; and it shall be the duty of the company to erect and keep in order all bridges on any highway at such points as bridges may be necessary to cross the railroad.

This same duty, in identically the same terms, was imposed on railroad companies by § 1053, code of 1880, and was in force when the Georgia Pacific Railway Company, whose assignee and successor the defendant is, was chartered and organized and when its railroad was constructed through the city of West Point and the grade of Division street raised by the Georgia Pacific Railway Company.

In addition, the act of incorporation of said railway company, in its second section and third paragraph, acts of 1882, page 826, confers upon the railway company the right to "cross, occupy and use any public road in this state with its railroad and to

change the public road, but in all such cases it shall place such road or highway in a condition as that so used, occupied or changed.

The principal question raised by the demurrer of the defendant is, does the term highway in the statute and charter of the Georgia Pacific Railway Company include streets in cities and towns as well as public roads in the country districts? The contention of counsel for the defendant railway company is that the word highway, in the connections used in the statute and charter, is to be confined to public roads in the country, and this contention is made to rest on the construction placed by this court upon the word highway in other sections of the chapter of our code touching the rights, duties and liabilities of railroad corporations.

In the case of *M. & O. R. R. Co.* v. *State*, 51 Miss. (§2424, code 1871, which is found brought forward in § 1050, code 1880, and in § 3552, code 1892), it was held not to embrace streets in towns and cities. These sections required railroad companies to erect and keep up on a post or frame, sufficiently high, at every place where the railroad may cross a highway, a board with the inscription, "Look out for the locomotive!" But this construction of the statute was not placed upon the ground that the word "highway" did not include a street in a town or city, but upon the distinctly stated ground that the legislature had, in § 2421, code 1871, sufficiently and otherwise than by § 2424, provided for the security and protection of life in crossings in towns and cities. In other words, the court was of opinion that § 2424, in its use of the term highway, had no reference to streets, because, by another and independent section (§ 2421), security at crossings in cities and towns was sufficiently provided for.

In *Railway Co.* v. *French*, 69 Miss., 125, the word highway, in § 1048, code 1880, was held not to embrace streets in a town, but the reason assigned for confining that section to roads in the country was precisely that upon which the court proceeded in the case of the *M. & O. R. R. Co.* v. *State*, 51 Miss., viz.,

that § 1047, code 1880, which is § 2421, code 1871, was a suffi-
cient safeguard for towns.    In both of the cases named, the low
rate of speed at which trains are required to run through towns
and cities, with the penalty imposed for violation of the low-
speed requirement, was held to afford all the protection neces-
sary in cities and towns, while the unlimited rate of speed in
the country demanded the lookout sign and ringing of the bell,
or sounding of the whistle, in road crossings in the country.

The other case referred to and relied upon by the defendant
railway's counsel (*I. C. Railroad Co.* v. *State*, 71 Miss.) gives
no support to his contention.    That case was decided under
§ 3551, code of 1892, which denounces a penalty against every
railroad company which, upon stopping a train at a place where
such railroad shall cross a highway, shall not uncouple its cars
so as not to obstruct travel on such highway for more than five
minutes, and then declares, further, "and it [the railroad com-
pany] shall, upon stopping a train at a place where the railroad
is crossed by a street, so uncouple its cars as not to obstruct
travel thereon for a longer period than shall be prescribed by
ordinance of the city, town or village."    Here are separate and
distinct provisions governing the stoppage of trains in the coun-
try and in towns.    The court held, of course, that the word
"highway," in the first provision of the section, related alone
to country highways, and that the town of Batesville, for the
obstruction of one of whose streets the prosecution was made,
had no ordinance prescribing the period within which cars
should be uncoupled so as not to obstruct travel on the street,
the railroad company was not liable, under the second clause of
the section.

It will thus be seen that none of our former adjudications
touch the question now presented.    The reasoning of the court
in these cases has and can have no application here.    Sec. 1053,
code of 1880, and § 3555, code of 1892, stands unaffected by
any other section of either code touching the duty of railroad
companies to properly construct their roads over streets in

towns and cities.    These sections are the only statutes having any sort of relation to highways in town or city or country. Can it be seriously doubted that the word "highway" is comprehensive enough to embrace streets in towns, as well as roads in the country?    And can it be doubtful at all that in densely populated towns and cities the reason of the statute requiring railroad companies to make proper and easy grades in the streets crossed by their railroads, so that the same may be conveniently crossed, is infinitely more needful than in sparsely populated country districts, where the roads are used only at longer or shorter intervals of time?    It is most unreasonable to place such construction on the statute as will require railroad companies to make and keep in order proper and easy grades over infrequently used country roads, but permit them to tear up and practically destroy the streets of cities or towns where the travel is constant.    We must give the statute such interpretation as will effectuate the legislative purpose in its enactment, if we can do so without violence to its letter and spirit, and we do neither in declaring that streets in towns and cities, as well as public roads in the country, are within the terms of the statute. If we look beyond our own reports, we shall find very many decisions of courts of last resort in other states construing statutes similar to our own, and they all speak with one voice, so far as we have been able to ascertain.    A large number of these cases, holding to the view we have taken, are collected in the brief of counsel for appellants, and, for the sake of brevity, we refer to them generally, as therein gathered together.

It is not contended before us that any contributory negligence of the deceased is shown by the declaration, nor, in our opinion, is there any shown.

*Reversed and remanded.*